IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **DAVID LAVORD DODD,** *et al.* | § § | |
| vs. | § § | CIVIL ACTION NO. 6:14-CV-767 |
| **CLEARWATER BAY PROPERTY OWNERS ASSOCIATION, INC.** | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff David Dodd's Motion for Preliminary Injunction (ECF 29). This case is assigned to the undersigned with the consent of the parties. 28 U.S.C. § 636. Having considered the pleadings and oral arguments from the hearing held on June 24, 2015, the motion is **GRANTED**.

### BACKGROUND

Plaintiffs filed this lawsuit asserting race discrimination in violation of 42 U.S.C. §§ 1981, 1982, and 3604 and TEX. PROP. CODE § 301.021(a). In the Amended Complaint filed by Plaintiff David Dodd on March 11, 2015, Dodd alleges that the Clearwater Bay Property Owners Association, Inc. ("POA") interfered with his effort to rent and eventually purchase property from Plaintiffs Stephen and Amy Marable in the Clearwater Bay Subdivision. Dodd states that he had an agreement with the Marables in late 2013 to rent a lot and house owned by them in Clearwater Bay Subdivision.

Based upon his agreement with the Marables, Dodd asserts that he began making improvements on the property. He states, however, that he was later told by a neighbor, believed to be a member of the POA, that African Americans could not live in the neighborhood. He then

1

learned from a member of the POA board of directors that there was a deed restriction stating "[n]o lot shall be conveyed to any person of African descent." Plaintiff alleges that additional members of the POA and neighbors made racist comments to him, vandalized the property and intimidated him to the point that he does not feel safe living there.

Dodd filed a motion for preliminary injunction seeking to restrain "Defendant Clearwater Bay Property Owners Association, Inc.—including its members, representatives, and those it hires—from discriminating against, harassing, or interfering with the right of Mr. Dodd, or any other person of color, to rent, lease, buy, live, or reside on property in the Clearwater Bay Subdivision, whether by covenant, deed, restriction, technicality, or action." *See* Plaintiff David Dodd's Motion for Preliminary Injunction, Civil Action No. 6:14-cv-767, ECF 29, p. 7. Similarly, Dodd seeks an order restraining the same conduct as it relates to the Marables' ability to rent or sell the property to any person of color. Dodd contends that there is a strong likelihood of success on the merits in this case, his injury is irreparable because it cannot be undone solely through monetary remedies, there is no potential harm to Defendant and an injunction would not disserve the public interest.

In response, Defendant points out that the deed restriction referred to by Dodd was enacted in 1964 and is no longer valid. Defendant alleges that the deed restriction was never enforced and it was declared null and void by the Association's Amended Covenants and Restrictions filed on June 3, 2014, several months before this lawsuit was filed. Defendant contends that any action taken by the POA to prevent Dodd from living on the property was because the deed restrictions do not permit residence in a garage. Defendant characterizes the property at issue as a garage structure not intended for occupancy that does not have sewage, electricity or water. Defendant denies that any action was taken with a discriminatory motive or

intent. According to Defendant, nothing is preventing Plaintiff from renting or purchasing the property other than the fact that Dodd cannot reside in the garage in its present state. No other residents are permitted to reside in a similar structure.

The Court conducted a hearing on Plaintiff's motion for preliminary injunction on June 24, 2015. At that hearing, the Court heard the parties' oral arguments on the motion. Plaintiff stated that he has not resided in the garage structure and does not have any plans to live in the garage in its current condition. Instead, Plaintiff asserted that he plans to improve the property, make it habitable and then move into the improved structure. Plaintiff described the property's current condition as abandoned and unkempt. Plaintiff stated that he would not object to a more narrow injunction than the one proposed. He seeks to prohibit harassment or discrimination based upon his race.

Defendant argued that the POA has not prevented Plaintiff from living on the property due to his race. Defendant stated that there are other African Americans living in the neighborhood. Defendant expressed concern that it should not be held responsible for the conduct of any individuals that do not represent Defendant. While asserting that it is unnecessary, Defendant did not oppose an injunction prohibiting race discrimination by the POA or its board members acting on behalf of the POA.

## DISCUSSION

The prerequisites for a temporary restraining order and a preliminary injunction are: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to the movant outweighs any damage that the injunction may cause for the nonmovant; and (4) that the injunction will not disserve the public interest. *Affiliated Prof'l Home Health Care Agency v.*

*Shalala,* 164 F.3d 282, 285 (5th Cir. 1999); *see also Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). To establish irreparable injury, a movant must show "that if the district court denied the grant of a preliminary injunction, irreparable harm would result." *Janvey v. Alguire*, 628 F.3d 164, 175 (5th Cir. 2010). Injuries are irreparable only when they "cannot be undone through monetary remedies." *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 312 (5th Cir. 2008) (citation omitted).

Since a temporary restraining order or a preliminary injunction is such an extraordinary, and perhaps drastic remedy, one is not granted unless the movant clearly carries the onerous burden of persuasion as to all of the elements. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (5th Cir. 1983). In other words, the movant has a cumulative burden to prove each of the four enumerated elements. *Mississippi Power & Light Co.*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark v. Prichard*, 812 F.2d at 993. A preliminary injunction "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed2d 249 (2008). The decision of whether to grant or deny a temporary restraining order or a preliminary injunction is left to the sound discretion of the trial court. *Mississippi Power & Light Co.*, 760 F.2d at 621.

In this case, regardless of whether Plaintiff established all elements necessary for a preliminary injunction, the parties agreed to an injunction prohibiting race discrimination that is directed only at the Defendant and its agents. It is noted that Defendant asserted that an injunction of this nature—requiring it to follow the law—is unnecessary, but Defendant did not oppose it. As a result, the Court will enter an order prohibiting Defendant or its agents from discriminating against Plaintiff because of his race.

The movant must give security "in an amount that the court considers proper to pay costs and damages sustained by any party found to have been wrongfully enjoined or restrained." FED. R. CIV. P. 65(c). The amount of security is "a matter for the discretion of the trial court." *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (quoting *Corrigan Dispatch Co. v. Casa Guzman*, 569 F.2d 300, 303 (5th Cir. 1978)).  In its discretion, the court may determine that no security is required.  *Id*.  Here, injunctive relief is narrowly tailored to prohibit Defendant from discriminating against Plaintiff because of his race.  There are no costs or damages associated with compliance with fair housing laws.  No bond is necessary.  It is therefore

**ORDERED** that Plaintiff David Dodd's Motion for Preliminary Injunction (ECF 29) is **GRANTED**.  During the pendency of this lawsuit, the Clearwater Bay Property Owners Association, Inc. and its board members, acting on behalf of the Clearwater Bay Property Owners Association, Inc., shall not discriminate against David Dodd because of his race in his efforts to rent, buy, improve or reside on property in Clearwater Bay Subdivision.  No bond is required.

**Oct 6, 2015**

*K. Nicole Mitchell* (signature)
_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE