IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **DAVID LAVORD DODD,** *et al.* | § § § § | |
| **v.** | § § § § § | CIVIL ACTION NO. 6:14-CV-767 |
| **CLEARWATER BAY PROPERTY OWNERS ASSOCIATION, INC.** | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Summary Judgment against Plaintiffs Stephen Marable and Amy Marable (ECF 66). For the reasons set forth below, the Court **GRANTS** the motion for summary judgment.

### BACKGROUND

Plaintiffs David Lavord Dodd, Stephen Marable and Amy Marable filed this lawsuit on September 15, 2014 asserting race discrimination in violation of 42 U.S.C. §§ 1981, 1982, and 3604 and TEX. PROP. CODE § 301.021(a). Plaintiffs Stephen and Amy Marable ("the Marables") filed a First Amended Complaint (ECF 14) on February 6, 2015.

The Marables assert that they bought property in Clearwater Bay, a subdivision located in Henderson County, Texas, in 2006 or 2007. They submit that they did not know when they purchased the property that there were any deed restrictions on the property or that there was a homeowners' association. The Marables state that they had a discussion with Plaintiff David Dodd ("Dodd") in 2013 about selling their property to him through a rent-to-own type of agreement.

1

The Marables allege that the property was vandalized shortly after Dodd went out to the property. They further allege that, during a phone call from Anne Sherrill, an officer or director of the Clearwater Bay Property Owners Association, Inc. ("Defendant"), on or around January 13, 2014, they learned that there was a deed restriction on their property stating that "[n]o lot shall be conveyed to any person of African descent."[1] The Marables assert that Defendant's actions "in publishing the racially restrictive covenant and other statements regarding the sale of Plaintiff[s'] property proximately caused, and continues to cause, Plaintiffs' injury and the unlawful encumbrance of their property."[2] The Marables assert claims for violations of the Fair Housing Act ("FHA") and the Texas Fair Housing Act ("TFHA") and a claim for tortious interference with prospective business relations.

Defendant filed a Motion for Summary Judgment against Plaintiffs Stephen Marable and Amy Marable (ECF 66). Defendant submits that there are two issues: (1) whether Defendant violated the FHA by discriminating against the Marables and (2) whether Defendant violated the FHA through statements or advertising. Defendant asserts that it is entitled to summary judgment.

Defendant argues that the Marables cannot establish a *prima facie* case of FHA discrimination because they do not belong to a protected class and they successfully purchased the property at issue. In addition, even if the Marables could establish a *prima facie* case of discrimination, Defendant asserts that it had legitimate reasons for any alleged rejection because the structure that the Marables attempted to sell or rent to Dodd did not comply with deed restrictions concerning square footage and the type of structure. Defendant argues that there is no evidence to show that this proffered reason is a mere pretext for unlawful discrimination.

---

[1] *See* Plaintiff Stephen and Amy Marable's First Amended Complaint, ECF 14-1, at *1.
[2] *Id*. at ECF 14, at *3.

Defendant additionally argues that the Marables' claims concerning the deed restriction concerning the sale of property to African-Americans is moot because the language was removed on May 24, 2014. Moreover, Defendant contends that it would not have been reasonable for the Marables to believe that the deed restriction would have been enforceable. Finally, Defendant asserts that the Marables have not presented evidence showing that they suffered any actual lost income or damages.

In response, the Marables allege that they talked to Dodd about potentially purchasing their property in late 2013. Dodd did not have the money to purchase the property at that time, but he orally agreed to pay rent in the amount of $400.00 per month with the understanding that he could make improvements on the property. The Marables allege that Dodd backed out of the oral rental agreement when he learned about the deed restriction stating that the property could not be conveyed to an African-American. The Marables state that they became aware of the deed restriction language a few months earlier, in mid-January 2014, during a conversation with Anne Sherrill, a board member for Defendant. They also assert that the *McDonnell Douglas* analysis does not apply because there is direct evidence of intentional discrimination.

The Marables further assert that Defendant is liable pursuant to 42 U.S.C. § 3604(c) and Texas Property Code § 301.022 for publishing a deed restriction that discriminates against African-Americans. The Marables argue that this claim is not moot as a result of the removal of the deed restriction because they are seeking money damages rather than injunctive relief.

## SUMMARY JUDGMENT STANDARD

The Court may only grant a motion for summary judgment when there is no genuine dispute of material fact and the moving party is entitled to summary judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A "material fact" is one that might affect the outcome of the suit under governing law. *Id.* The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. *Id.* All facts and inferences are viewed "in the light most favorable to the nonmoving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Id.*

## ANALYSIS

### I. Discrimination Claim

The FHA makes it unlawful to "refuse to sell or rent . . . or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). Similarly, the FHA makes it unlawful to "discriminate against any

person in the terms, conditions, or privileges of sale or rental of a dwelling . . . because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). The Marables bring suit pursuant to the FHA and the TFHA not as the person allegedly discriminated against, but as the parties seeking to rent their property to a person allegedly discriminated against. "Courts have consistently given an expensive interpretation to the Fair Housing Act; to state a claim under the Act, it is enough to show that race was a consideration and played some role . . ." *Hanson v. Veterans Administration*, 800 F.2d 1381, 1386 (5th Cir. 1986) (citing *Moore v. Townsend*, 525 F.2d 482 (7th Cir. 1975)). Standing to bring a FHA claim is very broad and is only constrained by Article III of the U.S. Constitution. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372, 102 S.Ct. 1114 (1982). A plaintiff seeking relief pursuant to the FHA does not have to be the intended victim of discrimination, but must have suffered some "distinct and palpable injury" from the alleged discriminatory conduct. *Id*.

In general, courts apply the same burden-shifting method of proof that is used in employment discrimination cases to FHA claims. *Simms v. First Gibraltar Bank*, 83 F.3d 1546, 1556 (5th Cir. 1996). An FHA claim may be established by showing intentional discrimination or by showing that a defendant's conduct has a significant discriminatory effect. *Id*. at 1555. In a case asserting disparate treatment, plaintiffs "need only prove that race was one significant factor in defendant's dealings with them in order to establish a violation of the Fair Housing Act." *Woods-Drake v. Lundy*, 667 F.2d 1198, 1202 (5th Cir. 1982).

In this case, the Marables assert that the deed restriction and Ms. Sherrill's conduct amount to direct evidence of discrimination. When there is direct evidence of discrimination, the Supreme Court's *Price Waterhouse* mixed-motives theory of discrimination is implicated. *See Texas v. Crest Asset Management, Inc.*, 85 F.Supp.2d 722, 729–30 (S.D. Tex. Feb. 29, 2000).

The burden of persuasion is shifted to the defendant "to show that the same adverse [housing] decision would have been made regardless of discriminatory animus." *Id*. (citing *Belian v. Texas A&M Univ. Corpus Christi*, 987 F.Supp. 517, 522 (S.D. Tex.), aff'd, 132 F.3d 1453 (5th Cir. 1997) and *Langley v. Jackson State Univ*., 14 F.3d 1070, 1075 (5th Cir.), *cert. denied*, 513 U.S. 811, 115 S.Ct. 61 (1994)). Summary judgment is appropriate if the defendant establishes by a preponderance of the evidence that the same decision would have been made regardless of the forbidden factor. *Id.* (quoting *Belian v. Texas A&M Univ. Corpus Christi*, 987 F.Supp. at 522).

Here, the evidence produced by the parties on summary judgment shows that Defendant took action to remove the deed restriction soon after the Marables became aware of the deed restriction. They assert that they became aware of the deed restriction in mid-January 2014. Defendant's evidence shows that a petition circulated shortly thereafter for removal of the deed restriction and the language was removed by a vote on May 24, 2014. Indeed, the email referenced by both parties between Ms. Sherrill and Ms. Marable, dated January 13, 2014, wherein Ms. Sherrill sent a copy of the deed restrictions to Ms. Marable states "[n]eed to get your signature on our petition."[3] The amended restrictions were later filed on June 3, 2014. Notably, there is no evidence of a "decision" made by Defendant concerning whether Dodd could rent the property from the Marables and there is no evidence that Defendant sought to use the restriction to forbid Dodd from renting the property. The Marables did not present any evidence from Dodd concerning his decision not to rent the property. Instead, the Marables submitted an affidavit from Stephen Marable opining that Dodd backed out of the oral rental agreement when he learned about the deed restriction.

---

[3] *See* Defendant's Motion for Summary Judgment against Plaintiffs Stephen Marable and Amy Marable, ECF 66-5, at *1.

Defendant additionally presented evidence that the structure the Marables sought to rent to Dodd is not in compliance with two race neutral deed restrictions prohibiting structures less than one thousand square feet and prohibiting the use of a garage as a residence, either temporarily or permanently. The Marables do not dispute that the structure is not in compliance with those deed restrictions. In addition to not being in compliance with those deed restrictions, there is no evidence that the structure at issue was a "dwelling" as contemplated by the FHA and TFHA. Both statutes prohibit discrimination in the sale or rental of a "dwelling." The uncontroverted summary judgment evidence presented in this case shows that the structure at issue was a garage with no running electricity, water or sewage.[4]

With these facts, even if the Court assumes, *arguendo*, that the Marables produced direct evidence of intentional discrimination, Defendant met its burden of persuasion to show that the same decision would have been made regardless of the alleged discrimination. There are no genuine issues of material fact and Defendant is entitled to judgment as a matter of law as to the Marables' intentional discrimination claims.

**II. Publication Claim**

The Marables additionally assert that they are entitled to relief pursuant to 42 U.S.C. § 3604(c) and Texas Property Code § 301.022 for the publication of the discriminatory deed restriction. Section 3604(c) states that it is unlawful "[t]o make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination." Section 301.022 of the Texas Property Code uses

---

[4] *Id*.

similar language to prohibit the publishing of such statements concerning the sale or rental of a dwelling.

As set forth above, there is no evidence that the structure at issue was a "dwelling" as contemplated by the FHA or the TFHA. The FHA is directed towards providing fair housing opportunities. *See Texas Dept. of Housing and Community Affairs v. Inclusive Communities Project, Inc*., ___ U.S. ___, 135 S.Ct. 2507, 2516 (2015). The Marables presented no evidence to contradict Defendant's evidence that the structure was an uninhabitable garage when Dodd sought to rent it. The property at issue in this case was not a dwelling suitable for housing. Accordingly, there is no evidence of a violation of the FHA or the TFHA and there is no evidence that the Marables suffered damages stemming from the publication of the deed restriction that is cognizable under the FHA or the TFHA. There are no genuine issues of material fact and Defendant is entitled to judgment as a matter of law on the Marables' claim for relief pursuant to 42 U.S.C. § 3604(c) and Texas Property Code § 301.022.

### III. Tortious Interference

In their First Amended Complaint, the Marables assert a Texas law claim for tortious interference with prospective business relations. Neither the Marables nor Defendant addresses this claim in the summary judgment briefing. As a result of the dismissal of the Marables' federal claims, the Court declines to exercise supplemental jurisdiction over this state law claim.

## CONCLUSION

There are no genuine issues of material fact in this case. Defendant is entitled to judgment as a matter of law against the Marables. The motion for summary judgment should be granted. It is therefore

**ORDERED** that Defendant's Motion for Summary Judgment against Plaintiffs Stephen Marable and Amy Marable (ECF 66) is **GRANTED**. The claims of Stephen and Amy Marable are **DISMISSED** with prejudice.

**So ORDERED and SIGNED this**
**Sep 28, 2016**

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE